NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARISSA GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No.: 19-21276 <br><br> **OPINION** |

**CECCHI, District Judge.**

I.   **INTRODUCTION**

Before the Court is Plaintiff Marissa Gonzalez's appeal seeking review of a final decision by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") regarding her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Title II and Title XVI of the Social Security Act ("SSA" or the "Act"). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the decision of Administrative Law Judge ("ALJ") is affirmed.

II.   **BACKGROUND**

On October 17, 2013, Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning March 31, 2012, due to mental health impairments. (Tr.[1] at 217, 219). Plaintiff, who is a male-to-female transgender person, was terminated from her job in 2009 and has not worked since. (*Id.* at 66, 79–81).

On June 28, 2016, the ALJ issued a partially favorable decision for Plaintiff finding

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 9).

Plaintiff disabled as of February 12, 2016 (the onset date), but not before that date. (*Id.* at 24–32). Plaintiff subsequently appealed the ALJ's decision before this Court and, on January 31, 2019, this Court remanded the case for further consideration of whether Plaintiff's onset date occurred prior to February 12, 2016. (*Id.* at 434–44).[2] In its Opinion, this Court instructed the ALJ to "determine if sufficient medical evidence exists currently from which an onset date can be inferred or if the testimony of a medical expert is required." (*Id.* at 443).

Thereafter, the ALJ solicited testimony from a medical expert[3] who opined that Plaintiff did not meet a disability listing prior to February 12, 2016. (*Id.* at 381, 396). The ALJ then issued a second decision denying Plaintiff benefits for the period before February 12, 2016, as he once again determined that Plaintiff was not disabled before that date. (*Id.* at 371–88). This appeal followed.

### III.  LEGAL STANDARD

#### A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla and is defined as

---

[2] While Plaintiff made additional arguments in her appeal of the ALJ's initial decision, this Court did not address these arguments in its previous Opinion. (Tr. at 443).
[3] The medical expert who testified at the administrative hearing was Richard Anderson, M.D., a licensed psychologist. (Tr. at 392–402).

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

### B. Determining Disability

In order to be eligible for benefits under the SSA, a plaintiff must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for SSA purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v.*

*Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

    **C.**    **Sequential Evaluation Process**

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in substantial gainful activity. *Sykes*, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the plaintiff has an impairment that limits her ability to work. *Id.* Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *Id.* If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite her impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform her past relevant work. *Id.* Fifth, if her RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

With respect to a step three determination, a central issue in this case, the ALJ's decision

must provide some discussion to make meaningful review of the decision possible. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504–05 (3d Cir. 2009). The ALJ need not, however, "use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

## IV.  DISCUSSION

### A.  Plaintiff's Arguments on Appeal

In the instant appeal, Plaintiff asserts that the ALJ committed two errors that require this Court to reverse the ALJ's decision or, in the alternative, to remand the case for reconsideration. First, Plaintiff argues that the ALJ erred at step three of his evaluation in finding that Plaintiff's severe impairments of depression and personality disorder, alone or in combination, did not meet or equal the criteria of Listing 12.04 or 12.08 prior to February 12, 2016. Specifically, Plaintiff argues that the ALJ did not properly adhere to this Court's instructions on remand as he did not rely on sufficient medical evidence at step three. Second, Plaintiff argues that the ALJ erred in its RFC determination by failing to properly evaluate Dr. Ernesto Perdomo's 2012 and 2016 examination reports concerning Plaintiff's impairments and the statement of Plaintiff's mother.

#### 1.  Step Three Determination

As discussed above, Plaintiff argues that the ALJ erred at step three when he concluded that Plaintiff's impairments, either alone or in combination, neither meet nor equal the criteria of Listings 12.04 and 12.08. (ECF No. 15 ("Pl. Br.") at 16–22).

Listing 12.04 addresses depressive, bipolar, and related disorders, while Listing 12.08 addresses personality and impulse-control disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.08 (2017). To meet Listing 12.04, a claimant must meet the Listing's paragraph A criteria and, in addition, the criteria of either paragraph B or paragraph C. *Id.* To meet Listing 12.08, a claimant

must meet the Listing's paragraph A and B criteria. *Id.* The paragraph B criteria are identical for Listings 12.04 and 12.08. *Id.* The paragraph B criteria are met when a claimant has at least one extreme or two marked limitations in the four areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* The paragraph C criteria are met if the claimant's mental disorder is "serious and persistent[,]" *i.e.*, the claimant has a medically documented history of the existence of the disorder over a period of at least two years and there is evidence of both of the following: (1) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the claimant's mental disorder; and (2) marginal adjustment, *i.e.*, the claimant has minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of his or her daily life. *Id.*; *see also Corbett v. Saul*, No. 18-01790, 2019 WL 4793043, at *7 (M.D. Pa. Sept. 10, 2019), *report and recommendation adopted*, 2019 WL 4750341 (M.D. Pa. Sept. 30, 2019) (a claimant must satisfy "both C1 and C2," in addition to the two year threshold requirement, to meet the paragraph C criteria). Additionally, the regulations state that if the claimant has "a combination of impairments, no one of which meets a listing . . . [the ALJ] will compare [the claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(3).

Here, with regard to the paragraph B criteria, the ALJ found that Plaintiff had moderate limitations in understanding, remembering, or applying information, concentrating, persisting, or maintaining pace, and adapting or managing oneself, and a mild limitation in interacting with others. (Tr. at 377). Therefore, because Plaintiff did not have "at least one extreme or two marked limitations in the four areas of mental functioning" as required by the statute, the ALJ concluded

6

that Plaintiff's impairments did not meet the paragraph B criteria of Listing 12.04 or 12.08. (*Id.*). The ALJ followed this conclusion with a thorough review of the medical evidence, including the testimony of Dr. Anderson, who opined that Plaintiff did not meet or equal any listing prior to February 12, 2016.[4] (*Id.* at 378–81).

First, the ALJ found that Plaintiff had a moderate limitation in understanding, remembering, or applying information (the first paragraph B criterion) based upon Dr. Perdomo's 2012 report which indicated that Plaintiff had organized and focused thought processes, fair short-term memory, fair-to-good long-term memory, and fair association and abstraction abilities. (*Id.* at 379). Second, in finding that Plaintiff had a mild limitation in interacting with others (the second paragraph B criterion), the ALJ cited to Dr. Perdomo's 2012 report and noted that Plaintiff had some friends and, on occasion, socialized and helped her mother around the house. (*Id.*). Third, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace (the third paragraph B criterion) based upon Dr. Perdomo's 2012 report which indicated that Plaintiff displayed good concentration and followed the interview well. (*Id.*). Fourth, the ALJ found that Plaintiff had a moderate limitation in adapting or managing herself (the fourth paragraph B criterion) based on Dr. Perdomo's 2012 report which indicated that Plaintiff remained capable of caring for her personal needs and hygiene, and taking public transportation as needed. (*Id.*). Thus, the ALJ sufficiently evaluated the evidence and provided support for his conclusion that Plaintiff failed to meet the paragraph B criteria.

The ALJ also found that Plaintiff's impairments did not meet the paragraph C criteria of

---

[4] While the ALJ evaluated some of the medical evidence at issue in the context of his RFC discussion, that does not change this Court's decision. Rather, while the ALJ's evaluation of the medical evidence must appear somewhere in the decision, it need not appear specifically in the step three discussion. *See Cop v. Comm'r of Soc. Sec.*, 226 F. App'x 203, 208 (3d Cir. 2007); *see also Jones*, 364 F.3d at 505 (the ALJ's decision must be "read as a whole").

7

Listing 12.04. (*Id.* at 377). Once again, the ALJ followed this conclusion with a thorough review of the medical evidence. (*Id.* at 378–81).

Initially, the ALJ found that Plaintiff failed to show that her depression disorder was "in existence for at least two years" prior to 2012, a threshold requirement to satisfy the paragraph C criteria. In support, the ALJ cited to the reasoning he provided in his previous decision, (*id.* at 378), where he found that "[t]he claimant does not have a medically documented history of chronic affective disorder, of at least two years' duration." *Id.* at 464.[5] The Court notes that it has also reviewed the medical record and has not identified treatment records to support a finding that Plaintiff's depression disorder was in existence for at least two years prior to 2012.

In addition, the ALJ found that the paragraph C1 criteria were not satisfied for two reasons. First, the ALJ noted that "the record contains no evidence of any ongoing treatment with a psychologist, psychiatrist, or other mental health specialist." (*Id.* at 378). Second, the ALJ found that Plaintiff did not demonstrate a "highly structured setting[] that is ongoing and that diminishes the symptoms and signs of [Plaintiff's] mental disorder" (20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04 (2017)). (Tr. at 379). In particular, the ALJ discussed how Plaintiff's medical records indicated that she was able to take care of her personal needs and hygiene, ride public transportation as needed, and socialize with friends. (*Id.* at 379). Thus, according to the ALJ, Plaintiff evidenced the ability to be quite flexible with her life during the period at issue. (*Id.*). Accordingly, as the ALJ found that Plaintiff failed to satisfy each of the paragraph C criterion, the

---

[5] As discussed above, following Plaintiff's appeal of the ALJ's initial decision, the Court remanded this case to the ALJ for further consideration regarding whether Plaintiff's onset date occurred prior to February 12, 2016. (Tr. at 433). The Court, however, expressly did "not consider" any of Plaintiff's additional arguments at that time, including with respect to Listings 12.04 and 12.08 and the paragraph C criteria. (*Id.*). As such, it was appropriate for the ALJ in his instant opinion to rely on the aspects of his previous opinion that this Court has not yet considered.

8

ALJ's determination at this step was supported by substantial evidence. *See Corbett*, 2019 WL 4793043, at *7 (to meet the paragraph C criteria, a claimant must satisfy "both C1 and C2," in addition to the two year threshold requirement).

Insofar as Plaintiff contends that the ALJ erred in failing to consider all her impairments in combination at step three, (Pl. Br. at 13–15), her argument lacks merit. Indeed, the ALJ expressed at the beginning of his step three discussion that he considered Plaintiff's impairments in combination, (Tr. at 377), and there is "no reason not to believe" that the ALJ did so. *Granados v. Comm'r of Soc. Sec.*, No. 13-781, 2014 WL 60054, at *9 (D.N.J. Jan. 7, 2014) ("An ALJ fulfills his obligation to consider a claimant's impairments in combination with one another if the ALJ explicitly indicates that he has done so and there is 'no reason not to believe him.'") (quoting *Morrison v. Comm'r of Soc. Sec.*, 268 F. Appx. 186, 189 (3d Cir. 2008)). Thus, the Court affirms the ALJ's findings at step three.[6]

### 2. Formulation of Plaintiff's RFC

Plaintiff also argues that the ALJ erred in formulating Plaintiff's RFC. First, Plaintiff argues that the ALJ improperly found that Dr. Perdomo's 2012 and 2016 examination reports differed in important respects, such that the ALJ should have found Plaintiff disabled as of 2012. (Pl. Br. at 30–34). Second, Plaintiff argues that the ALJ erred in discounting the third-party

---

[6] Plaintiff's argument that the ALJ improperly failed to discuss the paragraph A criteria (Pl. Br. at 17–18) is also without merit. As set forth above, a claimant must satisfy the criteria of *both* paragraphs A and B or the criteria of *both* paragraphs A and C to meet Listing 12.04; and a claimant must satisfy the criteria of *both* paragraphs A and B to meet Listing 12.08. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.08 (2017). Here, once the ALJ determined that Plaintiff did not satisfy the criteria for either paragraph B or paragraph C, it was clear that Listings 12.04 and 12.08 were not met. *See Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (rejecting argument that the ALJ's omission of the paragraph A analysis rendered the ALJ's decision unreviewable because it was "quite plain that the ALJ's decision rested on the absence of both 'paragraph B' and 'paragraph C' criteria").

function report submitted by Plaintiff's mother. (*Id.* at 25–30).

### a. Distinguishing Dr. Perdomo's 2012 and 2016 Reports

As noted above, Plaintiff underwent a psychological consultative examination with Dr. Perdomo in 2012 and 2016. (Tr. at 299–301, 367–69). In the 2012 report, Dr. Perdomo indicated, among other things, that Plaintiff had "developed recurrent major depression [of] moderate-to-severe intensity that may affect her ability to function effectively." (*Id.* at 301). In the 2016 report, Dr. Perdomo indicated, among other things, that Plaintiff had "severe major depression" and that her condition was "such that it will affect her ability to function effectively in the social spheres of life." (*Id.* at 369). Based on the material differences in these reports, the ALJ determined that Plaintiff was disabled as of 2016, but not as of 2012. (*Id.* at 38–81).

Nevertheless, Plaintiff argues that "the 2012 report is substantially similar to the 2016 report, and [thus] disability should be found based on the 2012 report as well." (*Id*. at 380–81). The Court disagrees. Rather, as the ALJ explained, while "[t]he reports have many similarities," they "also [have] important differences." (*Id.* at 380). In particular, the ALJ noted that in the 2012 report, Dr. Perdomo characterized Plaintiff's depression as only "moderate-to-severe," whereas in the 2016 report, Dr. Perdomo characterized Plaintiff's depression as "severe." (*Id.* at 381). The ALJ also asserted that Dr. Perdomo's 2016 report stated that Plaintiff had developed "avoidant characteristics," while the 2012 report was silent on this topic. (*Id.*). In addition, the ALJ noted that the 2012 report utilized a global assessment of functioning ("GAF") score to evaluate Plaintiff, whereas the 2016 report did not contain a GAF score. (*Id.*); *see also Torres v. Comm'r of Soc. Sec.*, No. 14-6178, 2015 WL 8328346, at *10 (D.N.J. Dec. 8, 2015) ("[B]ecause the GAF score remains acceptable and reliable medical evidence, the ALJ must consider and weigh the importance of the GAF score."). Finally, the ALJ also relied on Dr. Anderson's testimony that the limitations and

10

symptoms stemming from Plaintiff's depression, as noted in Dr. Perdomo's 2012 and 2016 reports, were different. (*Id.* at 369).

Therefore, substantial evidence supports the ALJ's formulation of Plaintiff's RFC in this respect as he properly considered the differences between the 2012 and 2016 reports.

### b. The Third-Party Function Report

Finally, Plaintiff argues that the ALJ erred in determining that the third-party function report submitted by Plaintiff's mother (*id.* at 264–71) was entitled to little weight. This contention lacks merit. The ALJ attributed only some weight to this report because Plaintiff's mother was not an acceptable medical source. (*Id.* at 379). The ALJ's decision to discount the report on this basis was appropriate. *See, e.g.*, *Sejeck v. Berryhill*, No. 18-16734, 2019 WL 7207506, at *8 n.2 (D.N.J. Dec. 27, 2019) (ALJ decision to assign "little weight" to an individual's testimony was supported by substantial evidence where the individual was "not an acceptable medical source under the regulations" and where the individual's testimony "did not align with the preponderance of record evidence") (citations omitted); *see also Langston v. Colvin*, No. 15-cv-1117, 2016 WL 4523843, at *1, n.1 (M.D. Pa. Aug. 30, 2016) (ALJ "did not commit an error of law in attributing limited weight to the statement of [plaintiff's] sister based on her lack of psychological or medical background, particularly as measured against the other sources of record, and the statement's inconsistency with the balance of the record evidence"). Thus, remand is not warranted on this basis.

Accordingly, the Court finds that the ALJ's formulation of Plaintiff's RFC is based on substantial evidence.

### V. <u>CONCLUSION</u>

For the reasons above, the ALJ's decision is affirmed. An appropriate Order will follow.

**DATE:** October 28, 2021

_____
**CLAIRE C. CECCHI, U.S.D.J.**

12